**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMAAL ABU-TALIB HAMEEN,

        Plaintiff,

vs.                                               Case No. 3:19-cv-105-J-32PDB

MARIA CHAPA LOPEZ, et al.,

        Defendants.

**ORDER**

On September 17, 2018, pro se plaintiff initiated this action by filing suit in the Fourth Judicial Circuit, in and for Duval County, Florida. In his complaint, he names a number of parties, including federal judges and prosecutors.[1] Although apparently none of the parties have been served, several of the federal defendants removed the case to this Court on January 24, 2019, on the basis of 28 U.S.C. §§ 1441(a) and 1442(a)(1). The federal defendants have now moved to dismiss this case on several grounds. See Docs. 7 & 10. Plaintiff filed a response in opposition (Doc. 11).

Plaintiff is currently facing a criminal charge in federal court of being a felon in possession of a firearm, and is set to be tried on February 26, 2019. See United States v. Hameen, No. 3:18-cr-115-J-34JBT. In this complaint, he names as parties the United States District Judge presiding over his federal criminal case, the United States Magistrate Judge

---

[1] Although a suit against a judicial colleague would ordinarily present a basis to recuse, because one of plaintiff's tactics is to sue every judge who rules against him, the undersigned need not recuse because doing so "would merely shift the case to yet another judge whom the plaintiff[] would then sue." Cuyler v. Presnell, Case No. 6:11-cv-623-Orl-22DAB (M.D. Fla. July 8, 2011) (Doc. 9 at 2 ¶ 2).

assigned to that case, the Assistant United States Attorneys who are prosecuting him, the United States Attorney for the Middle District of Florida, the United States District Judge who denied a federal habeas petition designed to interfere with then pending state charges,[2] the Clerk of Court for the Middle District of Florida, a federal task force officer, and a detective with the Jacksonville Sheriff's Office.[3] The essence of plaintiff's complaint appears to stem from his apparent belief that the United States does not have jurisdiction to prosecute him for this offense on theories that he has not consented to the exercise of jurisdiction and/or that the United States does not have jurisdiction to prosecute an offense that took place in Florida.[4]

---

[2] Those state charges were later nolle prossed when the federal criminal case was filed. See Hameen, No. 3:18-cr-115-J-34JBT (Doc. 206 at 2 n.2). In both this complaint and in his federal habeas petition, plaintiff also references having filed suit against state officials involved with his criminal case, including the presiding judge and the state attorney. See Doc. 1 at ¶ 3; Hameen v. State of Florida, No. 3:18-cv-765-J-39MCR, Doc. 1.

[3] Plaintiff's motion to add an additional defendant (Doc. 4) (filed in state court on December 10, 2018 before this case was removed), is **denied**. The defendant plaintiff wishes to name was, at the time, serving as plaintiff's stand-by counsel in his federal criminal case. That lawyer was subsequently permitted to withdraw based on plaintiff's intention to name the lawyer as a defendant in this case. See Hameen, No. 3:18-cr-115-J-34JBT (Docs. 219 & 228). Plaintiff's allegations against the lawyer are frivolous and fail to state a claim. Adding him as a defendant to this action would be futile.

[4] Plaintiff unsuccessfully pursued both of these theories in motions in his criminal case. See Hameen, No. 3:18-cr-115-J-34JBT (see, e.g., Docs. 109 & 154). As noted by the government (Doc. 7 at 7-8), plaintiff's frivolous theories are consistent with those advanced by "sovereign citizens," who generally do not recognize the authority of the United States government. See, e.g., United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013); Leger v. United States, No. 1:17-cv-1487-ELR-AJB, 2017 WL 9474214, *2 (N.D. Ga. May 8, 2017) (explaining that federal criminal jurisdiction exists in all states, and rejecting contrary frivolous legal theory advanced by persons, such as sovereign citizens, who believe they are beyond the jurisdiction of the federal court), adopting Report and Recommendation, 2017 WL 2656024 (N.D. Ga. June 19, 2017); see also United States v. Rendon, 354 F.3d 1320,

For several reasons, this complaint must be dismissed with prejudice. First, the judicial officers are absolutely immune from suit as all the allegations relate to their judicial responsibilities in handling cases properly before them. See, e.g., Mireles v. Waco, 502 U.S. 9, 11-13 (1991); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). The judges are therefore due to be dismissed with prejudice. Second, the prosecutors, including the U.S. Attorney herself, are likewise due to be accorded absolute prosecutorial immunity as the actions about which plaintiff complains were performed within the scope of their duties as officers of the Court and advocates for the government.[5] See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 340-45 (2009); Imbler v. Pachtman, 424 U.S. 409, 424-30 (1976); see also Bolin v. Story, 225 F.3d 1234, 1241 (11th Cir. 2000) (stating that immunities afforded state officials in § 1983 actions are coextensive with those afforded federal officials in Bivens actions). The prosecutors are therefore due to be dismissed with prejudice. Third, the Clerk of Court is absolutely immune from suit as any duties she may have performed were related to the judicial process.[6] See, e.g., Jenkins v. Clerk of Court, U.S. Dist. Ct., S. Dist. of Fla., 150 F. App'x 988, 990 (11th Cir. 2005). The

---

1326 (11th Cir. 2003) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law.").

[5] As noted below, despite naming her in the complaint, the allegations make only a passing reference to the U.S. Attorney. To the extent plaintiff is alleging she was involved in the decision to prosecute plaintiff's criminal case, she, like the line prosecutors, is protected by absolute prosecutorial immunity.

[6] As with the U.S. Attorney, and as noted below, despite naming her in the complaint, plaintiff did not make any allegations regarding the Clerk of Court. However, to the extent plaintiff is alleging the Clerk was involved in any way in the judicial proceedings, she is protected by absolute immunity.

Clerk of Court is therefore due to be dismissed with prejudice. Fourth, although named as defendants in the caption, the body of plaintiff's complaint contains no allegations against the Clerk of Court, the federal task force officer, or the detective, and only a fleeting reference to the U.S. Attorney (who he asserts is improperly invoking jurisdiction in his criminal case). They are therefore due to be dismissed with prejudice. Fifth, even if all the defendants had been served (of which there is no evidence), and even if most of them were not immune from suit, the case would still be due to be dismissed in its entirety because it is patently frivolous.[7] See supra, n.4; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Accordingly, it is hereby

**ORDERED**:

Defendants' motions to dismiss (Docs. 7 & 10) are **granted**. This case is dismissed with prejudice as to all defendants. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of February, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
 counsel of record
 pro se plaintiff

---

[7]While plaintiff's pro se status entitles him to some leniency, it does not save a complaint premised on frivolous legal theories. See, e.g., Campbell v. Air Jamaica, Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). There is no reason to believe that an amendment would cure the deficiencies and dismissal with prejudice is therefore warranted.

4